**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Deborah Grostick, Administratrix of the Estate of Herman Grostick, II, Appellant,

v.

Lawrence Malcolm Minor and Cannon Roofing, LLC, Defendants,

Of Whom Lawrence Malcolm Minor is Respondent.

Appellate Case No. 2010-177306

―――――――――

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2012-UP-354
Heard May 22, 2012 – Filed June 13, 2012

―――――――――

**AFFIRMED**

―――――――――

Wm. Reynolds Williams and E. Lloyd Willcox, II, Willcox, Buyck & Williams, P.A., of Florence, for Appellant.

Kirby D. Shealy, III, Ellis, Lawhorne & Sims, P.A., and Jenny A. Draffin, Baker, Ravenel & Bender, L.L.P., both of Columbia, for Respondent.

———————

**PER CURIAM:**  Following a jury verdict for defendant Larry Minor and denial of post-trial motions in her wrongful death action, plaintiff Deborah Grostick appeals several of the trial court's rulings.  We affirm pursuant to Rule 220(b)(1), SCACR.

As to the denial of Deborah's motion for partial summary judgment, "an order denying summary judgment is never reviewable on appeal." *Bank of N.Y. v. Sumter Cnty.*, 387 S.C. 147, 154, 691 S.E.2d 473, 477 (2010).

As to the denial of Deborah's motion for sanctions, her lawyer's question opened the door to Minor's testimony.  Further, the trial court's jury charge cured any prejudice Minor's testimony may have caused her.  *See Manios v. Nelson, Mullins, Riley & Scarborough, LLP*, 389 S.C. 126, 144, 697 S.E.2d 644, 653 (Ct. App. 2010) ("A curative instruction is generally deemed to have cured any alleged error."), *cert. denied*, (Jan. 11, 2012).

As to the denial of Deborah's motions for directed verdict and JNOV, we find evidence in the record to support the trial court's rulings.  *See Austin v. Stokes-Craven Holding Corp.*, 387 S.C. 22, 42, 691 S.E.2d 135, 145 (2010) ("When we review a trial judge's . . . denial of a motion for directed verdict or JNOV, we reverse only when there is no evidence to support the ruling or when the ruling is governed by an error of law.").  Her argument on appeal that Minor is judicially estopped from denying he was the driver is not preserved.  *See Pikaart v. A & A Taxi, Inc.*, 393 S.C. 312, 324, 713 S.E.2d 267, 273 (2011) ("A matter may not be presented for the first time on appeal; rather, it must have been both raised to and ruled upon by the court below.").

As to the evidentiary rulings Deborah challenges, we find no abuse of discretion in any of these rulings.  *See Fields v. Reg'l Med. Ctr. Orangeburg*, 363 S.C. 19, 25, 609 S.E.2d 506, 509 (2005) (stating a trial court's decision to exclude evidence will not be disturbed on appeal absent an abuse of discretion).  Additionally, Deborah's argument on appeal that the death certificate and coroner's report were admissible in their entirety under Rule 803(9), SCRE, is not preserved.  *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) (per curiam) ("A party may not argue one ground at trial and an alternate ground on appeal.").

Finally, as to the denial of Deborah's motion for new trial, her argument on appeal regarding the thirteenth juror doctrine is not preserved.  *See Pikaart*, 393 S.C. at

324, 713 S.E.2d at 273.  The grounds she raised in her motion to the trial court are addressed above.

**AFFIRMED.**

**FEW, C.J., and HUFF and SHORT, JJ., concur.**